141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BRELSFORD, Plaintiff-Appellant,
v.
TCI CABLEVISION OF OREGON, INC., an Oregon corporation,
Defendant-Appellee.
 No. 96-35887.
No. CV 95-6293 TC.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 2, 1998**.
Decided Mar. 12, 1998.
 
 Appeal from the United States District Court for the District of Oregon Thomas M. Coffin, Magistrate Judge, Presiding.
 Before FERNANDEZ, RYMER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Brelsford appeals pro se the district court's grant of summary judgment to TCI Cablevision, Inc. ("TCI") in Brelsford's breach of contract action alleging violations of the Cable Communications Policy Act of 1984, 47 U.S.C. § 532, and other conduct. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We agree with the district court that Brelsford has not put forth any evidence that TCI breached the contract by violating federal law. TCI's actions, even viewed in the light most favorable to Brelsford, do not constitute violations of any provisions of the federal law governing cable operators.
 
 
 4
 Brelsford also bases his breach of contract claim on allegations regarding TCI's failure to give him notice that his program would be preempted and TCI's modification of his payment schedule. Even assuming these allegations are true, Brelsford has failed to submit any evidence that he suffered resulting injury. See Aluminum Co. of Am. v. National Marine Fisheries Serv., 92 F.3d 902, 904 (9th Cir.1996) ("The nonmoving party ... must make a showing sufficient to establish ... the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.") (internal quotations omitted).
 
 
 5
 We have also carefully examined Brelsford's other claims--breach of the implied duty of good faith and fair dealing, intentional interference with business relations, intentional interference with contract, fraud, and negligent misrepresentation. For the reasons stated by the district court in its order of May 15, 1996, we agree that summary judgment was properly granted as to those claims as well.
 
 
 6
 The judgment of the district court is AFFIRMED.[1]
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Brelsford's motion to file a substitute reply brief is granted. TCI's motion to strike the reply brief is denied as moot